At least two cans of the milk sold by the plaintiff to the defendants, *i. e.,* those from which the samples were taken, were watered.   For the price of these two cans, amounting to one dollar, there can be no recovery.   A verdict for the plaintiff for the balance of his claim would be sustainable upon the reported facts.

*Case discharged.*

Grafton, }
June 24, 1926. }

### RICHARDSON & CAMERON CO., INCORPORATED, *v.*
### HERBERT LAHOUT.

ASSUMPSIT, to recover the balance due on a contract for the installation of a heating plant, and for extras.   Trial by the court and verdict for the plaintiff.

The plaintiff agreed to install a steam boiler and 400 square feet of radiation in the defendant's store and dwelling-house in Littleton. The contract contained a warranty that the apparatus specified would heat the rooms to 70 degrees in coldest weather.

After the plaintiff had begun work under the contract, the defendant decided to have radiators placed in two rooms which were not included in the contract, and to install a hot-water tank.   This additional radiation amounted to 145 square feet.   In December the defendant complained that the boiler was insufficient to heat the premises, whereupon the plaintiff installed a larger boiler.

The court found as a fact that the first boiler was sufficient to satisfy the warranty with only 400 feet of radiation, but was not sufficient with 545 feet.   It was further found that the radiation specified in the contract was sufficient to properly heat the premises. The court ruled as a matter of law that the warranty did not apply to the installation as completed, and the defendant excepted.   Transferred by *Sawyer*, J.

*Henry A. Dodge* and *Edgar M. Bowker*, for the plaintiff.

*George W. Pike*, for the defendant.

*Per Curiam.*   By the terms of the contract the warranty was expressly limited to 400 feet of radiation, and no evidence is reported from which any extension of this warranty could be found.

*Exception overruled.*